```
                          United States Bankruptcy Court
                          Middle District of Pennsylvania
In re:                                                       Case No. 18-00102-RNO
Raymond C. Lewis                                             Chapter 13
Verna Lewis
         Debtors
                              CERTIFICATE OF NOTICE
District/off: 0314-5          User: MMchugh              Page 1 of 2            Date Rcvd: Mar 08, 2018
                              Form ID: pdf002            Total Noticed: 61


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 10, 2018.
db/jdb         Raymond C. Lewis,    Verna Lewis,    P.O. Box 387,    Shawnee on Delaware, PA  18356-0387
5010739        Barclays Bank Delaware,    100 S West St,    Wilmington, DE  19801-5015
5010738        Barclays Bank Delaware,    PO Box 8803,    Wilmington, DE  19899-8803
5010740        Capital One Bank (USA) N.A.,    P.O. Box 71083,    Charlotte, NC  28272-1083
5010741        Chase Mortgage,    P.O. Box 78420,    Phoenix, AZ  85062-8420
5010742        Citibank/the Home Depot,    Citicorp Cr Srvs/Centralized Bankruptcy,    PO Box 790040,
                Saint Louis, MO  63179-0040
5010743        Computer Credit Inc.,    640 West Fourth St., P.O. Box 5238,    Claim Dept. 003755,
                Winston-Salem, NC  27113-5238
5010747        Delta Dental of PA,    PO Box 660138,    Dallas, TX  75266-0138
5032032       +Department Stores National Bank,    Citibank, N.A.,    701 East 60th Street North,
                Sioux Falls, SD  57104-0493
5010748        Dsnb Macys,    PO Box 8218,    Mason, OH  45040-8218
5010749        EOS CCA,    PO Box 981002,    Boston, MA  02298-1002
5010750        EZ Pass,    New York Service Center,    PO Box 15187,    Albany, NY  12212-5187
5010753      ++FOCUS RECEIVABLES MANAGEMENT LLC,    1130 NORTHCHASE PARKWAY STE 150,    MARIETTA GA 30067-6429
              (address filed with court: Focus Receivables Management,    1130 Northchase Parkway, Suite 150,
                Marietta, GA  30067-0000)
5010752       +First Premier Bank,    601 S Minnesota Ave,    Sioux Falls, SD  57104-4868
5010751        First Premier Bank,    PO Box 5524,    Sioux Falls, SD   57117-5524
5010755        Geisinger Health Plan,    PO Box 827502,    Philadelphia, PA  19182-7502
5010756       +Hayt, Hayt & Landau LLC,    2 Industrial Way W,    Eatontown, NJ  07724-2279
5010758        KML Law Group,    701 Market St Ste 5000,    Philadelphia, PA  19106-1541
5010757        Kay Jewelers/Gfs,    PO Box 4480,    Beaverton, OR  97076-4480
5010760      ++LENDMARK FINANCIAL SERVICES LLC,    2118 USHER STREET,    COVINGTON GA 30014-2434
              (address filed with court: Lendmark Financial Ser,    2118 Usher St NW,
                Covington, GA  30014-2434)
5010759        Lehigh Valley Hospital - Pocono,    206 E Brown St,    East Stroudsburg, PA  18301-3006
5010761        Leroys Jewelers,    Sterling Jewelers, Inc/Attn: Bankruptcy,    PO Box 1799,
                Akron, OH  44309-1799
5010735        Lewis Raymond & Verna,    127 Knob Ln,    Shawnee on Delaware, PA  18356-0387
5010762        Lvnv Funding LLC,    PO Box 1269,    Greenville, SC  29602-1269
5027263       +Met Ed,    FirstEnergy,    101 Crawford's Corner Rd,    Bldg 1 Suite 1-511,
                Holmdel NJ  07733-1976
5010771        PP&L Electric Utilities,    P.O. Box 25239,    Lehigh Valley, PA  18002-5239
5010768        Penn Credit Corporatio,    916 S 14th St,    Harrisburg, PA  17104-3425
5010769        Penn Estates Property Owners Association,    525 Penn Estates Dr,    East Stroudsburg, PA  18301
5010772        Raymour & Flanigan,    7248 Morgan Rd,    Liverpool, NY  13090-4535
5010776        Specialized Loan Servi,    8742 Lucent Blvd Ste 300,    Highlands Ranch, CO  80129-2386
5010777        Specialized Loan Servicing/Sls,    Attn: Bankruptcy,    PO Box 636005,
                Littleton, CO  80163-6005
5010780        Td Auto Finance,    PO Box 9223,    Farmington Hills, MI  48333-9223
5010781        Thd/Cbna,    PO Box 6497,    Sioux Falls, SD  57117-6497
5010782        Trans-Continental Credit & Collection Co,    P.O. Box 5055,    White Plains, NY  10602-5055
5015380       +U.S. Bank National Association Trustee (See 410),    c/o Specialized Loan Servicing LLC,
                8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
5010783       +US Asset Management Inc,    700 Longwater Drive,    Norwell, MA 02061-1624
5010784        Visa Dept Store National Bank/Macy's,    Attn: Bankruptcy,    PO Box 8053,
                Mason, OH  45040-8053
5010785        Water Services Corporation,    40 Bruckner Blvd # 6,    Bronx, NY  10454-4496
5010786       +World Financial Capital Bank,    PO Box 182273,    Columbus, OH  43218-2273

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5010737       +E-mail/Text: g20956@att.com Mar 08 2018 19:11:24     AT&T Mobility,    P.O. Box 537104,
                Atlanta, GA  30353-7104
5010736        E-mail/Text: csr@theaffiliatedgroup.com Mar 08 2018 19:11:31     Affiliated Credit Serv,
                PO Box 7739,    Rochester, MN  55903-7739
5010744        E-mail/PDF: creditonebknotifications@resurgent.com Mar 08 2018 19:11:58
                Credit One Bank N.A.,    PO Box 740237,    Atlanta, GA  30374-0237
5010745        E-mail/PDF: creditonebknotifications@resurgent.com Mar 08 2018 19:12:27      Credit One Bank NA,
                PO Box 98873,    Las Vegas, NV  89193-8873
5010746        E-mail/PDF: creditonebknotifications@resurgent.com Mar 08 2018 19:11:58      Credit One Bank NA,
                PO Box 98875,    Las Vegas, NV  89193-8875
5010754       +E-mail/PDF: gecsedi@recoverycorp.com Mar 08 2018 19:12:22     Ge Money Bank,    P.O. Box 960061,
                Orlando, FL 32896-0061
5010763        E-mail/Text: bankruptcydpt@mcmcg.com Mar 08 2018 19:11:05     Midland Funding,
                2365 Northside Dr Ste 30,    San Diego, CA  92108-2709
5014628       +E-mail/Text: bankruptcydpt@mcmcg.com Mar 08 2018 19:11:05     Midland Funding, LLC,
                Midland Credit Management, Inc. as,    agent for Midland Funding, LLC,    PO Box 2011,
                Warren, MI 48090-2011
5010764        E-mail/Text: bnc@nordstrom.com Mar 08 2018 19:10:38     Nordstrom FSB,
                ATTN: Bankruptcy Department,    PO Box 6555,    Englewood, CO  80155-6555
```

```
District/off: 0314-5          User: MMchugh            Page 2 of 2                 Date Rcvd: Mar 08, 2018
                              Form ID: pdf002          Total Noticed: 61
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
```
5010765        E-mail/Text: bnc@nordstrom.com Mar 08 2018 19:10:38      Nordstrom/Td Bank USA,
               13531 E Caley Ave,   Englewood, CO  80111-6504
5010766       +Fax: 407-737-5634 Mar 08 2018 19:41:31      Ocwen Loan Servicing L,   1661 Worthington Rd,
               West Palm Beach, FL 33409-6493
5010767        Fax: 407-737-5634 Mar 08 2018 19:41:31      Ocwen Loan Servicing, LLC,
               Attn: Research/Bankruptcy,   1661 Worthington Rd Ste 100,   West Palm Beach, FL  33409-6493
5010770        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 08 2018 19:12:24
               Portfolio Recovery Associates,    120 Corporate Blvd Ste 100,   Norfolk, VA  23502-4952
5015542        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 08 2018 19:40:50
               Portfolio Recovery Associates, LLC,   POB 12914,   Norfolk VA 23541
5010863       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 08 2018 19:27:33
               PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
5022089        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Mar 08 2018 19:10:58
               Pennsylvania Department of Revenue,   Bankruptcy Division PO Box 280946,
               Harrisburg, Pa.  17128-0946
5028529       +E-mail/Text: JCAP_BNC_Notices@jcap.com Mar 08 2018 19:11:14      Premier Bankcard, Llc,
               Jefferson Capital Systems LLC Assignee,    Po Box 7999,   Saint Cloud Mn 56302-7999
5010773        E-mail/Text: jennifer.chacon@spservicing.com Mar 08 2018 19:11:37
               Select Portfolio Servicing, Inc,   PO Box 65250,   Salt Lake City, UT  84165-0250
5010774        E-mail/Text: jennifer.chacon@spservicing.com Mar 08 2018 19:11:37      Select Portfolio Svcin,
               PO Box 65250,   Salt Lake City, UT  84165-0250
5010775        E-mail/Text: clientservices@simonsagency.com Mar 08 2018 19:11:28      Simons Agency Inc,
               4963 Wintersweet Dr,   Liverpool, NY  13088-2176
5010778        E-mail/PDF: gecsedi@recoverycorp.com Mar 08 2018 19:12:21     Syncb/Walmart,   PO Box 965024,
               Orlando, FL  32896-5024
5010779        E-mail/PDF: gecsedi@recoverycorp.com Mar 08 2018 19:11:52      Synchrony Bank/Walmart,
               Attn: Bankruptcy,   PO Box 965060,   Orlando, FL  32896-5060
                                                                                              TOTAL: 22

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
                                                                                TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 10, 2018                                       Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 8, 2018 at the address(es) listed below:
```
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor   U.S. Bank National Association, as Trustee for Bear
               Stearns Asset Backed Securities I Trust 2005-AC4, Asset Backed Certificates, Series 2005-AC4
               bkgroup@kmllawgroup.com
              Jerome B Blank    on behalf of Creditor   Deutsche Bank National Trust Company, As Trustee Et.Al
               pamb@fedphe.com
              Monroe County Tax Claim Bureau    MKnitter@monroecountypa.gov, DPugh@monroecountypa.gov
              Patrick James Best    on behalf of Debtor 1 Raymond C. Lewis patrick@armlawyers.com,
               kate@armlawyers.com;G29239@notify.cincompass.com
              Patrick James Best    on behalf of Debtor 2 Verna  Lewis patrick@armlawyers.com,
               kate@armlawyers.com;G29239@notify.cincompass.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 7
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
**Lewis, Raymond C**
**Lewis, Verna**

CHAPTER 13
CASE NO.

[X] ORIGINAL PLAN

[ ] Number of Motions to Avoid Liens
[ ] Number of Motions to Value Collateral

### CHAPTER 13 PLAN

NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | [X] Included | [ ] Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | [X] Included | [ ] Not included |
| 3 | The plan avoids a judicial lien or non-possessory, non-purchase-money security interest, set out in § 2.G. | [ ] Included | [X] Not included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. PLAN FUNDING AND LENGTH OF PLAN

    A. **Plan Payments From Future Income**

        1. To date, the Debtor paid $ **0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ **129,218.65**, plus other payments and property stated in § 1B below:

1

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payments | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| Month 1 (2/2018) | Month 12 (1/2019) | | | 100.00 | 1,200.00 |
| Month 13 (2/2019) | Month 59 (12/2022) | | | 800.00 | 37,600.00 |
| Month 60 (1/2023) | Month 60 (1/2023) | | | 90,518.65 | 90,518.65 |
| | | | | Total Payments: | 129,218.65 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: **[X]** Debtor(s) is at or under median income *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*
**[ ]** Debtor is over median income. Debtor calculates that a minimum of $**0.00** must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $**0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.

[ ] No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*
[ ] Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by_____. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

**2. SECURED CLAIMS**

**A. Pre-Confirmation Distributions** Check one.

2

[X] None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** Check one.

[ ] None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

[X] Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Ocwen Loan Servicing, LLC | Primary Residence | 8566 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** Check one.

[ ] None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

[X] The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| None | | | | 0.00 |

D. **Other secured claims (conduit payments and claims for which § 506 valuation is not applicable, etc.).**

[ ] None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

[X] The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use

3

of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance | Interest Rate | Total To Be Paid in Plan |
|---|---|---|---|---|
| Penn Estates Property Owners Association | HOA Dues Owed on Real Estate Located at 4276 Woodacres Dr, East Stroudsburg, PA 18301 | 8,090.90 | 0.00 | 8,090.90 |
| Select Portfolio Servicing, Inc | First Mortgage on Real Estate Located at 4276 Woodacres Dr., East Stroudsburg, PA 18301 | 108,120.00 | | 108,120.00 |

E. **Secured claims for which a § 506 valuation is applicable.** Check one.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| Specialized Loan Servicing / SLS | Second Mortgage on Real Estate Located at 4276 Woodacres Dr., East Stroudsburg, PA 18301 | | | | Plan - Lien Strip (Please Refer to "Non-Standard Plan Provisions") |

F. **Surrender of Collateral** Check one.

[X] None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G. **Lien Avoidance**. *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

[X] None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. **PRIORITY CLAIMS**

   A. **Administrative Claims**

      1. <u>Trustee fees.</u>   Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

4

2. <u>Attorney fees</u>. Complete only one of the following options:

    a.    In addition to the retainer of $**564.00** already paid by the Debtor, the amount of $ **3,436.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

    b.    $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. Check one of the following two lines.

[X] None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

**B. Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

[X] None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** Check one of the following two lines.

[X] None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4.    **UNSECURED CLAIMS**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified** *Check one of the following two lines.*

    [X] None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5.    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    [X] None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6.    **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    [X]    plan confirmation.

    **[ ]**    entry of discharge.
    **[ ]**    closing of case:

7. **DISCHARGE: (Check one)**

    **[X]** The debtor will seek a discharge pursuant to § 1328(a).
    **[ ]** The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: **Adequate protection payments**
Level 2: **Debtor's attorney's fees**
Level 3: **Domestic Support Obligations**
Level 4: **Priority Claims, pro rata**
Level 5: **Secured claims, pro rata**
Level 6: **Specially classified unsecured claims**
Level 7: **General unsecured claims**
Level 8: **Untimely filed unsecured claims to which the debtor has not objected**

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

    **A.**    **The second lien position mortgage of <u>Specialized Loan Servicing (SLS)</u>, its successors, predecessors and assigns, hereinafter referred to as the "Second Lender", is being avoided via this Chapter 13 Plan, which in part, constitutes a Motion to Avoid Lien pursuant to 11 U.S.C. §522(f).**
        **(1) Confirmation of this Plan shall constitute a find that for purposes of the case and all matters relevant thereto, the value of the real property known as 4276 Woodacres Drive, East Stroudsburg, PA 18301 (Monroe County, Commonwealth of Pennsylvania), and the Deed for this property having been recorded with the Recorder of Deeds in and for Monroe**

6

County, Pennsylvania at Monroe County Deed Book Volume 2220; Page: 8317, hereinafter referred to as the "Property," has a value of is $95,000.00. Documentation verifying this value is or will be filed of record with this Honorable Court.

(2) Upon confirmation of this Plan, the entire balance owed to the Second Lender shall be deemed a general unsecured claim without further Order of this Honorable Court, provided that:

    (a) Second Lender's Claim, upon the filing of a valid and timely Proof of Claim, shall be allowed as a non-priority general unsecured claim and may share in any distribution to general unsecured creditors.

    (b) The avoidance of the Second Lender's junior lien is contingent upon the Debtor's completion of the Chapter 13 Plan and receipt of a Chapter 13 Discharge.

    (c) Upon receipt of the Debtor's Chapter 13 Discharge and completion of the Debtor's Chapter 13 Plan, the Second Lender shall within a reasonable time arrange to have the second lien position mortgage marked "satisfied" or file a Mortgage Satisfaction Piece with the Monroe County Prothonotary and Recorder of Deeds;

    (d) The Second Lender shall retain its lien for the full amount due under the subject loan should be property be sold or should a refinance take place prior to the completion of the Chapter 13 Plan and entry of a Discharge Order;

    (e) The Second Lender shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtor's Chapter 13 case or the conversion of the case to another Chapter under the United States Bankruptcy Code;

    (f) In the even that any entity, including the holder of the first lien on the Property (Select Portfolio Services), forecloses on its security interest and extinguishes the Second Lender's Lien prior to the Debtor's completion of the Chapter 13 Plan and receipt of a Chapter 13 Discharge, the Second Lender's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance qat the time of the sale;

    (g) In the even that the property is destroyed or damaged, pursuant to the terms of the mortgage, the Second Lender is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the mortgage.

    (h) Each party shall bear their own Attorneys's fees and costs incurred in this matter.

(3) The Confirmation Order and Discharge Order may be filed with the Recorder of Deeds in and for Monroe County, Pennsylvania, which shall satisfy and avoid the mortgage held by the Second Lender against the Property, as recorded at the Monroe County Recorder of Deeds.

**B.** Confirmation of this Plan shall constitute a finding that the lien impaired the Debtor's exemption under 11 U.S.C. §522(d) or applicable Pennsylvania Law in the Property.

Dated: **January 10, 2018**      */s/ Patrick J. Best, Esq*
Attorney for Debtor
*/s/ Lewis, Raymond C*
Debtor
*/s/ Lewis, Verna*
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.